# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TRACY A. JENSON,

                Plaintiff,

-vs-                                        Case No.  2:11-cv-250-FtM-29SPC

SHARON WALL,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. #2) filed on May 2, 2011.  The undersigned previously deferred ruling on the Motion (Doc. #5) and allowed Plaintiff *pro se* additional time within which to file an amended complaint which complied with the directives as set forth in the Court's Order.  In that Order, the Court informed Plaintiff that his Complaint (Doc. #1) did not state a cause of action for libel and slander, failed to establish this Court's jurisdiction, and failed to comply with Federal Rules 8 and 10.  The Court informed Plaintiff that failure to comply with the Court's directives as set forth in  that Order could result in dismissal of Plaintiff's case.

Plaintiff's original Complaint purports to be based on diversity jurisdiction and alleges a cause of action for libel and slander against Defendant Sharon Wall.  Plaintiff alleges that Defendant made false and malicious statements to a Lee County, Florida court in order to obtain an order of protection against Plaintiff.  Plaintiff alleges that the false statements made by Defendant to the Lee County Court include that Plaintiff and Defendant were never involved in a romantic relationship,

statements that Plaintiff pulled Defendant out of a restaurant booth by the front of her shirt, that Plaintiff came to a school she was teaching at in Illinois and "stared at" her, that Plaintiff has flown to Florida to find her, and has continued to follow her around. Plaintiff claims that he has witnesses who would prove that these statements made to the Lee County Court were false. Thus, the Plaintiff's Complaint seeks injunctive relief, asking the Court to order the Lee County Court to cease and desist from any further action in the state court case in which Defendant Sharon Wall was awarded an order of protection against Plaintiff, and order the state court action as null and void for lack of jurisdiction because Plaintiff lives in Idaho. Plaintiff also sought compensatory damages in the amount of $75,000.

On May 17, 2011, Plaintiff filed an "Explanation for Cause of Action and Request of Court" (Doc. #6). In this pleading, Plaintiff does not comply with the directives as set forth in this Court's previous Order, fails to properly assert a claim for libel and slander, and fails to establish this Court's jurisdiction. Rather, it is a rambling recitation of further facts regarding his and Defendant's relationship. Plaintiff asserts that he will voluntarily withdraw this case 60 days after Plaintiff is served because he does not want monetary damages from Plaintiff, but he just wants to teach her a lesson.

The Plaintiff seeks to proceed IFP under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A

complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

As the Plaintiff has failed to comply with the Court's directives and failed to file a proper amended complaint that states a cause of action which would be viable in federal court, the undersigned respectfully recommends that the motion to proceed *in forma pauperis* be denied and the cause dismissed as Plaintiff has failed to state a claim upon which relief may be granted.

Accordingly, it is now

**RECOMMENDED:**

 Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. #2) should be **DENIED** and the case **DISMISSED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___17th___ day of May, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record